**Bailey BARRETT; Verena Barrett, Plaintiffs—Appellants,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Defendant—Appellee.**

No. 00–56756.
D.C. No. CV–99–13211–WJR.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 4, 2002; Submitted April 2, 2002.

Decided April 3, 2002.

---

Before TROTT, THOMAS, and WARDLAW, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Bailey and Verena Barrett appeal the district court's grant of summary judgment in their lawsuit against the Office of Personnel Management ("OPM"). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The Barretts seek reimbursement for surgery Verena Barrett underwent in Switzerland after Kaiser Permanente ("Kaiser"), a health maintenance organization contracted by OPM to provide health insurance for federal employees, declined to provide her with surgical treatment for lung cancer.

Kaiser's decision was justified by the plain language of the Kaiser Plan, which provides in relevant part that benefits "are available only from Plan providers except during a medical emergency," and that "except in a medical emergency ... you must contact your primary care doctor for a referral before seeing any other doctor or obtaining specialty services." A "medical emergency" is defined in the Kaiser Plan as "an injury or the sudden and unexpected onset of a condition requiring immediate medical or surgical care." The Plan specifically excludes emergency care provided outside the service area "if the need for care could have been foreseen before leaving the service area."

The treatment Verena Barrett received in Switzerland does not qualify for reimbursement under the Kaiser Plan because, *inter alia*, the treatment was foreseeable prior to the time she left the plan service area. In fact, seeking treatment outside the Kaiser Plan was the very reason for Mrs. Barrett's trip, so it was obviously foreseeable. Thus, regardless of the obvious equities that favor Mrs. Barrett given

the successful Swiss surgery, the plain language of the Kaiser Plan precludes coverage for the out-of-service treatment. Neither the OPM nor the district court erred in reaching this conclusion.

Given the resolution of the case, we need not reach any other issue presented by the parties, including the standard for review for OPM decisions.

AFFIRMED.